IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

DOMINGO RODRÍGUEZ,

Plaintiff,

v.

BARD SHANNON LTD ET AL.,

Defendants.

CIV. NO.: 19-1517 (SCC)

**OPINION AND ORDER**

Before the Court are Defendants Bard Shannon LTD ("Bard Shannon") and Personnel Recruiting Service's ("PRS") requests for attorneys' fees resulting from Plaintiff Domingo Rodríguez's alleged failure to comply with his discovery obligations. *See* Docket Nos. 53, 54, 55, 56. For the reasons stated herein, Defendants' motions are granted. The discovery disputes in this matter have been contentious and protracted, and we therefore briefly review their history before turning to our ruling.

Invoking the Court's federal question jurisdiction, Plaintiff brought this action against Defendants for alleged age and gender discrimination after he was dismissed from his employment by Defendants in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age

Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. *See* Docket No. 1. Plaintiff seeks back pay, loss benefits, front pay and other monetary damages. *See id.* After Defendants answered the Complaint, *see* Docket Numbers 9 and 10, the Court imposed a case management order to commence discovery. *See* Docket No. 12. However, the parties alleged that the opposing side had failed to comply with their initial discovery responsibilities and the Court therefore ordered all parties to produce their responsive documents by the relevant discovery deadline. *See* Docket No. 16. Despite the Court's order, the parties continued to file a mountain of motions alleging that the other side was abusing their discovery rights and that all good faith efforts had been exhausted. *See* Docket Nos. 17, 18, 19, 20, 28, 29, 30, 31.

Because the parties were unable to resolve their discovery disputes without the Court's intervention, the Court held a status conference during which it ordered the parties to create and file an itemized list of all pending discovery documents. *See* Docket No. 34. After the parties submitted their lists, *see* Docket Numbers 36, 37 and 38, the Court ordered the production of certain documents by each side, including Plaintiff's personnel file and other related employment documents to be produced by Defendants and documents indicating efforts to find new employment, tax returns and any other financial statements relating to his calculations of

damages resulting from economic losses to be produced by Plaintiff. *See* Docket No. 40.

Despite this meticulous list from the Court, Plaintiff failed to produce the required documents, *see* Docket Number 42, and Defendants filed a Motion *in Limine* requesting that the Court strike Plaintiff's pleadings, hold Plaintiff in contempt and award reasonable expenses and attorney fees to Defendants. *See* Docket No. 45. After Plaintiff failed to respond to the Motion *in Limine* for nearly six months, the Court ordered Plaintiff to show cause as to why it should not be granted. *See* Docket No. 48. Plaintiff failed to do so, and the Court granted the Motion. *See* Docket No. 50.

Defendants then each filed a Motion for Attorneys' Fees resulting from their drawn-out efforts to elicit discovery documents from Plaintiff pursuant to Fed. R. Civ. P. 37(b)(2)(C). *See* Docket Nos. 53, 54. After fourteen days and no opposition from Plaintiff, Defendants argued that Plaintiff had waived his right to object to their Motions for Attorneys' Fees under Local Rule 7(b) and moved the Court to grant those Motions. *See* Docket Nos. 55, 56. The Court, giving Plaintiff yet another opportunity to right the proverbial ship, ordered Plaintiff to show cause as to why Defendants' Motions for Attorney's Fees should not be granted. *See* Docket No. 57. Plaintiff responded by stating that counsel had recently been in quarantine due to exposure to COVID-19 but failed to explain why Plaintiff had failed to comply with its

discovery obligations over the past year and a half. *See* Docket No. 58. Plaintiff also resubmitted prior deficient discovery documents that did not comply with the Court's order for production. *See id.* Defendants opposed, arguing that Plaintiff had not sufficiently shown cause as to why Defendants were not entitled to attorneys' fees as a result of Plaintiff's continued discovery deficiencies and that the Court must award Defendants those attorneys' fees pursuant to Fed. R. Civ. P. 37(b)(2)(C). *See* Docket Nos. 60, 61.

The Court agrees with Defendants. Plaintiff has consistently failed to meet his discovery obligations, despite Defendants' good faith efforts and the Court's countless orders for compliance. Rule 37 requires a progressive analysis: "if an order to answer is issued under Rule 37(a), and then disobeyed, Rule 37(b)(2) comes into play, authorizing the trial court to impose further sanctions," including attorneys' fees under Rule 37(b)(2)(C). *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir. 1991). Here, the Court issued multiple orders requiring Plaintiff's compliance with its discovery obligations pursuant to Rule 37(a), laying out specific documents to be produced. *See* Docket Nos. 12, 16, 34, 40, 48 57. Plaintiff failed to comply with those orders by failing to produce the enumerated documents. As a result, the Court "must order the disobedient party" – Plaintiff – "to pay the reasonable expenses, including attorney's fees, caused by the failure . . . ." Fed. R. Civ. P. 37(b)(2)(C).

We have reviewed Defendants' disclosures of attorneys' fees resulting from their efforts to compel discovery from Plaintiff and we find them reasonable. Bard Shannon alleges that its efforts total 85.1 hours and $17,866.50 for the sixteen months between October 2019 and January 2021. *See* Docket No. 53. PRS alleges that its efforts total 56.8 hours and $4,952.75 from November 2019 to July 2020. *See* Docket No. 54. The documents submitted by Defendants in support of these figures corroborate their veracity and, in light of the extensive discovery disputes resulting from Plaintiff's failure to meet his basic discovery obligations over the past year and a half, we find these numbers to be in accordance with Defendants' efforts.

Therefore, Defendants Motions for Attorneys' Fees at Docket Numbers 53, 54, 55 and 56 are GRANTED. Plaintiff's Motion in Compliance at Docket Number 58 is DENIED. Defendant Bard Shannon's Informative Motion indicating its intent to respond to Plaintiff's Motion in Compliance at Docket Number 59 is MOOT.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 29th day of April 2021.

    S/ SILVIA CARREÑO-COLL
    UNITED STATES DISTRICT COURT JUDGE